UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV01395 AGF |
| | ) | |
| GERALD PETERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on a notice filed by Lauren W. Cohen whom this Court appointed to serve as limited scope ADR counsel for Defendant Darlene Peters. Ms. Cohen informs the Court that despite her best efforts to do so, she has been unable to enter an appearance and commence representation of Defendant Darlene Peters, as required by the Court's Order of October 10, 2013. Ms. Cohen states that on October 11, 2013, she sent Ms. Peters an engagement letter and a copy of the Limited Representation Appearance form, for Ms. Peters' signature. Although Ms. Peters, through her accountant, Mr. Richard Wise, contacted counsel on Thursday, October 17, 2013, indicating that she had received this correspondence, Ms. Peters has yet to consent to counsel's representation of her by returning the signed engagement letter and form for Limited Representation Appearance. Ms. Cohen stands ready to comply with the Court's Order appointing her as pro bono limited scope ADR counsel, but correctly notes that she cannot move forward until Ms. Peters indicates her assent to the representation by

returning the signed engagement letter and form for Limited Representation Appearance to counsel.

Accordingly,

**IT IS HEREBY ORDERED** that on or before **November 4, 2013**, Defendant Darlene Peters shall either file with the Court or provide to appointed counsel a signed copy of the engagement letter and Limited Representation Appearance form.

**IT IS FURTHER ORDERED** that if Defendant fails to timely file or provide to counsel the necessary signed documents, the Court will terminate Ms. Cohen's appointment in this matter. Thereafter, Ms. Peters will proceed *pro se* for all purposes, including ADR, until such time, if ever, as she retains counsel. Defendant is again reminded that as a *pro se* litigant, she is required to comply with the Federal Rules of Civil Procedure and the Local Rules and practices of this Court. *See United States v. Green*, 691 F.3d 960, 965-66 (8th Cir. 2012) (holding that "the right of self-representation is not 'a license not to comply with relevant rules of procedural and substantive law'") (quoting *Faretta v. California*, 422 U.S. 806, 834 n. 46 (1975)).

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of October, 2013.