UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV01395 AGF |
| | ) | |
| GERALD PETERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff, the United States of America (the "Government"), brought this action to reduce to judgment certain tax assessments against Defendants Gerald and Darlene Peters ("Ms. Peters") and to foreclose its tax liens on certain real property. Now before the Court is Ms. Peters' motion to resume mediation in this matter. Ms. Peters is proceeding *pro se*, but for her representation, solely for purposes of mediation, by limited scope ADR counsel. Defendant Gerald Peters does not oppose Ms. Peters' request to reconvene the mediation, but the Government opposes the motion.

Pursuant to this Court's order for ADR referral, Defendants Gerald Peters and Darlene Peters and the Government engaged in a mediation conference on December 6, 2013. On November 30, 2013, Ms. Peters submitted to counsel for the Government a Form 433-A, "Collection Information Statement for Wage Earners and Self-Employed Individuals," on which she stated her assets and liabilities. Ms. Peters contends that she misunderstood the nature and purpose of the Form 433-A, and therefore omitted

information pertaining to an irrevocable trust and deemed material for purposes of mediation by the Government. Ms. Peters asserts that she did not learn of the Government's position with respect to the materiality of this information until December 5, 2013, the day before the mediation. In addition, she asserts that, in advance of the next day's mediation session, she and limited scope counsel were unable obtain sufficient information regarding the trust to negotiate knowledgably with the Government at that session. Ms. Peters further represents that she wishes to engage in further good faith mediation with the Government, apparently on the basis of an additional, albeit unsigned, Form 433A, she submitted following the mediation session and she states that her motion is not made for purposes of obstruction or delay.

The Government opposes the motion on the grounds that Ms. Peters has not shown a "compelling" reason for the resumption of mediation in this matter and contends that continued mediation will not be productive. The Government notes that Ms. Peters has had ample time to respond to the Government's numerous requests for financial information but has yet to provide a complete, signed disclosure form. In addition, if the Court allows an additional mediation session, the Government prays that Ms. Peters be required to pay the costs of the mediation and to make additional financial disclosures. The parties gave the mediator leave to discuss the mediation with the Court, and did so in very general terms. Based on that conversation, the Court understands that the mediator is willing to reconvene mediation conference.

Upon review of these arguments, having given particular consideration to the Government's concerns about delay and expense, the Court finds that it would be

productive for the parties to resume the mediation conference. The Government is not contesting that the case could be settled, and the Court believes it appropriate to use the formal ADR process to facilitate such a settlement as quickly as possible and therefore, at the least expense to all parties.

From the filings, it appears that much of the problem related to the initial mediation pertained to Ms. Peters' failure fully and properly to complete Form 433-A, as requested by the Government. In general, the Court is unaware of any requirement that any individual, prior to engaging in court-ordered mediation, complete and sign financial disclosure forms for the Government. It appears, however, that Ms. Peters may be asserting an "inability to pay" as a defense to the Government's claims. And nowhere in her filings with the Court does Ms. Peters object to completing and signing such a form. At a minimum, she has committed to making full disclosure of her interests in any trusts—items previously omitted from her unsigned form.

Although the Government will be required to bear its portion of the mediation expense, the Court, in the interest of efficiency and economy, will permit the Government to participate by telephone. Further, the continued mediation conference shall be limited to one-half day.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Darlene Peters' motion to reconvene mediation in this matter is **GRANTED**, with the condition that the conference be limited to one half day. Each party shall bear its own costs with respect to this additional session. (Doc. No. 54.)

**IT IS FURTHER ORDERED** that the ADR referral in this matter is extended through **Friday, January17, 2014**.

**IT IS FURTHER ORDERED** that the Government is granted leave to participate by telephone in the additional mediation session.

**IT IS FURTHER ORDERED** that Ms. Peters shall make full disclosure of any interests she has in any trusts not later than **Monday, December 30, 2013**. Further, to the extent she seeks to settle the claims based on an inability to pay, Ms. Peters shall submit, not later than **ten (10) days** prior to the mediation conference, a signed Form 433-A.

**IT IS FINALLY ORDERED** that the deadline for the filing of summary judgment motions in this matter is extended to **Friday, January 31, 2014**.

*Audrey G. Fleissig*_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of December, 2013.