UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:12CV01395AGF |
| GERALD PETERS, et al., | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Gerald Peters' "Response to Memorandum and Order of 5/27/2014," which the Court will construe as a motion for reconsideration of the Court's order denying Defendants request to reopen discovery and offer additional evidence in response to the United States' motion for summary judgment. For the reasons set forth below, Defendant's motion will be denied.

Defendant seeks reconsideration of the Court's previous ruling, asserting that he did not have an opportunity to fully brief his response to the motion, and asking the Court to consider as new evidence an "amended 2002 tax return, associated letter and exhibits." Doc. No. 92, at 2. In addition, Defendant raises new arguments and re-raises objections to the United States' calculation of Defendants' tax liability, which he raised and the Court considered at the time of the ruling on the challenged motion. Defendant also states that although he admitted to the amount of the tax liability in his initial responses to

the United States' requests for admission, he only did so at the advice of counsel and might have responded differently at a later point in the litigation.

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence . . . . Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal citations and quotations omitted). Rule 59(e) does not permit a party to re-litigate matters previously resolved by the court or to raise arguments or present evidence that could have been raised prior to the entry of judgment, unless good cause is shown for such failure. *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013).

Upon review of the motion, the Court concludes that the request for reconsideration fails to point to any manifest errors of law or fact, or any newly discovered evidence. Instead, Defendant revisits old arguments or attempts to introduce new arguments without providing good cause for his failure to raise them prior to entry of judgment. Defendant's admission that he failed to present some of the arguments he now raises and that he did so on the advice of his counsel does not cure his failure to do so. *See* Doc. No. 92, at 2-3. The Court therefore concludes that Defendant's request for reconsideration of the Court's May 27, 2014 Memorandum and Order should be denied. *See id.; see also* 11 Wright & Miller § 2859 (1973) (updated April 2013) (explaining that "[u]nder both rules [59 and 60] . . . if [the evidence] was in the possession of the party

before the judgment was rendered it is not newly discovered and does not entitle the party to relief").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Gerald Peters' "Response to Memorandum and Order of 5/27/2014" is **DENIED**.  (Doc. No. 92.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of July, 2014.