UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:12-CV-01395-AGF |
| GERALD PETERS, et al., | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Darlene Peters' emergency motion (Doc. No. 106) for a stay pending appeal. On June 11, 2014, the Court granted the United States' motion for summary judgment and entered final judgment in favor of the United States and against Defendants Gerald and Darlene Peters ("Defendants") for unpaid income tax liabilities in the amount of $323,723.70, plus statutory additions. (Docs. No. 90 & 91.) In its order granting summary judgment, the Court requested the United States to file a proposed Order of Sale to enforce the judgment against certain property occupied by Defendants. (Doc. No. 90.) The United States filed its proposed Order of Sale on June 19, 2014. (Doc. No. 94.) The proposed order required, among other things, that Defendants' residence be sold under 26 U.S.C. § 7403(c) and 28 U.S.C. §§ 2001 and 2002 in order to collect the unpaid federal tax liabilities, and that Defendants vacate the residence within 30 days. (*Id.*) The Court did not enter the proposed order immediately in order to give Defendants an opportunity to object to the terms of the proposed order. No objection was filed.

On July 24, 2014, the Court entered the Order of Sale. (Doc. No. 98.) Both Defendants filed notices of appeal. On August 21, 2014, a few days before Defendants were supposed to

vacate the residence, Ms. Peters filed this emergency motion for a stay, requesting the Court to stay enforcement of the Order of Sale until her appeal is resolved. Ms. Peters was proceeding pro se, but she has now obtained counsel. Ms. Peters has not posted a supersedeas bond as contemplated by Federal Rule of Procedure 62(d) or sought a waiver of the bond requirement.

The United States opposes the motion to stay on the ground that Ms. Peters has not posted a supersedeas bond and has not demonstrated that a waiver of the bond or a discretionary stay is warranted.

Federal Rule of Civil Procedure 62(d) provides that an appellant, by giving a supersedeas bond, may obtain a stay of execution. This Court has discretion to determine the amount of the appeal bond necessary to stay execution and may, in its discretion, set the bond for an amount less than the full amount of the judgment, or may stay execution with no bond requirement at all. *See United States v. Mansion House Center Redevelopment Co.*, 682 F. Supp. 446, 449 (E.D. Mo. 1988).

The supersedeas bond serves three main purposes:

> [F]irst, it permits the appellant to appeal without risking satisfying the judgment prior to appeal and then being unable to obtain a refund from the appellee after the judgment is reversed on appeal; second, it protects the appellee against the risk that the appellant could satisfy the judgment prior to the appeal but is unable to satisfy the judgment after the appeal; and third, it provides a guarantee that the appellee can recover from the appellant the damages caused by the delay incident to the appeal, that is the bond guarantees that the appellee can recover the interest that accrues on the judgment during the appeal.

*Id*.

"If a court chooses to depart from the usual requirement of a full security supersedeas bond[,] it should place the burden on the moving party to objectively demonstrate the reasons for such departure. It is not the burden of the judgment creditor to initiate contrary proof." *United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1324-25 (M.D. Fla. 2011) (denying stay pending

appeal of order for foreclosure sale where defendants failed to satisfy burden to show entitlement to stay without supersedeas bond).

In determining whether to waive a supersedeas bond, district courts may look to the following factors: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *O'Callaghan*, 805 F. Supp. 2d at 1326. When the judgment involves the foreclosure of a tax lien, the residence alone may not fully secure the judgment. *Id.* at 1325-26 ("[T]o secure the United States' judgment with O'Callaghan's residence alone would leave the judgment subject to the whims of the housing market and O'Callaghan's willingness to maintain the value of the residence. . . . Worse, a person has little incentive to maintain a property he is likely to lose."); *United States v. Melot*, No. CV 09-0752 JH/WPL, 2012 WL 2914224, at *4 (D.N.M. May 23, 2012) ("[T]here is a real risk that the properties could decrease in value if a stay were imposed without the posting of a supersedeas bond, and the United States would be harmed as a result.").

The motion to stay does not address the above factors and does not request or attempt to demonstrate why the bond should be lowered or waived. However, the Court will temporarily stay enforcement of the Order of Sale in order to provide Ms. Peters an opportunity to demonstrate that a supersedeas bond should be set in an amount less than the full amount of the judgment or waived.

**IT IS HEREBY ORDERED** that Ms. Peters shall have up to and including **September**

**2, 2014** to show cause why a supersedeas bond should be set in an amount less than the full amount of the judgment or waived.

**IT IS FURTHER ORDERED** that enforcement of the Order of Sale (Doc. No. 98) is **temporarily STAYED** pending the Court's ruling on Ms. Peters' motion for a stay. (Doc. No. 106.)

                                                           */s/ Audrey G. Fleissig*
                                                         AUDREY G. FLEISSIG
                                                         UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2014.