UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-01395-AGF |
| | ) | |
| GERALD PETERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Darlene Peters's motion (Doc. No. 106) for a stay pending appeal. On June 11, 2014, the Court granted the United States' motion for summary judgment and entered final judgment in favor of the United States and against Defendants Gerald and Darlene Peters ("Defendants") for unpaid federal income tax liabilities in the amount of $323,723.70, plus statutory additions. (Docs. No. 90 & 91.) In its order granting summary judgment, the Court requested that the United States file a proposed Order of Sale to enforce the judgment against certain property occupied by Defendants. (Doc. No. 90.) The United States filed its proposed Order of Sale on June 19, 2014. (Doc. No. 94.) The proposed order required, among other things, that Defendants' residence be sold under 26 U.S.C. § 7403(c) and 28 U.S.C. §§ 2001 and 2002 in order to collect the unpaid federal tax liabilities, and that Defendants vacate the residence within 30 days. (*Id.*) The Court did not enter the proposed order immediately, in order to give Defendants an opportunity to object to the terms of the proposed order. No objection was

filed.

On July 24, 2014, the Court entered the Order of Sale. (Doc. No. 98.) Both Defendants filed notices of appeal. On August 21, 2014, a few days before Defendants were supposed to vacate the residence, Ms. Peters filed this motion for a stay, styled as an "emergency" motion, requesting the Court to stay enforcement of the Order of Sale until her appeal is resolved. Ms. Peters did not post a supersedeas bond as contemplated by Federal Rule of Procedure 62(d) or seek a waiver of the bond requirement.

On August 22, 2014, the Court ordered Ms. Peters to show cause why a supersedeas bond should be set in an amount less than the full amount of judgment or waived, and the Court temporarily stayed the Order of Sale pending the Court's ruling on the motion for a stay.

Ms. Peters responded to the Court's show cause order on September 2, 2014, asking the Court to waive the bond requirement or to lower the bond amount to $1,500. The United States opposes a lowering or waiver of the bond.

As the Court explained in its show cause order, Federal Rule of Civil Procedure 62(d) provides that an appellant may obtain a stay of execution by giving a supersedeas bond. The supersedeas bond serves three main purposes:

> [F]irst, it permits the appellant to appeal without risking satisfying the judgment prior to appeal and then being unable to obtain a refund from the appellee after the judgment is reversed on appeal; second, it protects the appellee against the risk that the appellant could satisfy the judgment prior to the appeal but is unable to satisfy the judgment after the appeal; and third, it provides a guarantee that the appellee can recover from the appellant the damages caused by the delay incident to the appeal, that is the bond guarantees that the appellee can recover the interest that accrues on the judgment during the appeal.

*United States v. Mansion House Center Redevelopment Co.*, 682 F. Supp. 446, 449 n.5 (E.D. Mo. 1988). Although Court has discretion to set the bond for an amount less than the full amount of the judgment or waive the bond requirement, "[i]f a court chooses to depart from the usual requirement of a full security supersedeas bond[,] it should place the burden on the moving party to objectively demonstrate the reasons for such departure." *United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1324-25 (M.D. Fla. 2011) (citation omitted) (denying stay pending appeal of order for foreclosure sale where defendants failed to satisfy burden to show entitlement to stay without supersedeas bond).

In determining whether to lower or waive a supersedeas bond, district courts may look to the following factors: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *O'Callaghan*, 805 F. Supp. 2d at 1326. When the judgment involves the foreclosure of a tax lien, the residence alone may not fully secure the judgment. *Id.* at 1325-26 ("[T]o secure the United States' judgment with O'Callaghan's residence alone would leave the judgment subject to the whims of the housing market and O'Callaghan's willingness to maintain the value of the residence. . . . Worse, a person has little incentive to maintain a property he is likely to lose."); *United States v. Melot*, No. CV 09-0752 JH/WPL, 2012 WL 2914224, at *4 (D.N.M. May 23, 2012) ("[T]here is a real risk that the properties could

decrease in value if a stay were imposed without the posting of a supersedeas bond, and the United States would be harmed as a result.").

As to the first and second factors, Ms. Peters asserts that the process to execute the federal tax liens is not complex and will not take long if the judgment is affirmed on appeal. The United States responds that the collection process will take at least several months, on top of the years the United States has already spent attempting to collect the Defendants' tax liability. Regarding the third and fourth factors, the parties agree that Ms. Peters has "virtually no ability to pay beyond what will be obtained from the sale of the home." (Doc. No. 111 at 5.) With respect to the final factor, Ms. Peters does not assert that she has any specific creditors other than the United States, but she asserts that her financial situation is so precarious that a large bond requirement would put in jeopardy her ability to pay her mortgage and home insurance, which would only decrease the value of the United States' collateral.

Upon consideration of each of the five factors, the Court finds that they weigh decisively in favor of requiring Ms. Peters to post at least a partial supersedeas bond. While the collection process may not be overly complex, it will add at least a few months to the already lengthy process the United States has undergone to collect the Defendants' unpaid federal tax liabilities. Next, the Court has no confidence that Ms. Peters has funds available to pay the judgment, and she admits as much. Finally, although her financial situation is precarious, Ms. Peters does not assert that she has any creditors aside from the United States. Regarding Ms. Peters's assertions about her ability to pay her mortgage and insurance, the Court notes that it has already ordered, as part of the Order of Sale, that the Defendants must

take all reasonable steps necessary to preserve the property in its current condition, including maintaining insurance, and the Court has ordered that any amounts owed on the mortgage will be paid out of the property's sale proceeds.  (*See* Doc. No. 98 at 4-6.)

Nevertheless, the Court recognizes that the full amount of judgment, $323,723.70, plus statutory additions, is likely impractical and in excess of the amount necessary to protect the interests of the United States.  The United States will likely only be able to recover part of the judgment from the sale of Defendants' property.  Although a stay poses a risk to the United States that the property will lose value, the Court believes that a bond amount at or near the value the United States could expect to receive from the sale of the property would adequately protect against this risk.

The Order of Sale set the minimum bid for the sale of the property at no lower than $200,000, and set the order of distribution of sale proceeds as first going to satisfy the expenses of sale, property taxes, and mortgage, and then any remaining proceeds going to the United States to satisfy the unpaid federal tax liabilities. (Doc. No. 98 at 6.)  Although the parties have not submitted evidence regarding the estimated sale expenses, property taxes, and mortgage, the Court finds that $50,000 is a reasonable estimate of the minimum amount the United States could expect to recover from the property sale.  Therefore, the Court will set the amount of the supersedeas bond at $50,000, to account for the estimated amount of the United States' recovery from the sale, interest, and expenses, and the Court will continue its temporary stay for an additional 14 days to provide Ms. Peters an opportunity to post the a bond in this amount.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for a stay is **DENIED**. (Doc. No. 106.)

**IT IS FURTHER ORDERED** that a stay will be automatic if a supersedeas bond of $50,000 is posted by Defendants on or before **October 20, 2014**.

**IT IS FURTHER ORDERED** that the temporary stay of enforcement of the Order of Sale (Doc. No. 98) shall remain in effect until **October 20, 2014**. If by October 20, 2014, the Defendants move for a stay in the Eighth Circuit, the temporary stay shall remain in effect until the Eighth Circuit's disposition of the Defendants' motion. During the stay, Defendants must continue to abide by this Court's prior directive to take all reasonable steps to preserve the property in its current condition. (*See* Doc. No. 98 at 4-6.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of October, 2014.