UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-01395-AGF |
| | ) | |
| GERALD PETERS, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Darlene Peters's motion (Doc. No. 122) for relief from judgment, pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6). For the reasons set forth below, the motion shall be denied.

## BACKGROUND

The United States filed this action against Defendants Gerald and Darlene Peters on August 6, 2012, to recover delinquent income taxes and penalties, and to enforce its tax liens against certain residential property owned by Defendants. Defendants' tax liability was based on their failure to report the gain realized on the sale of their real property located in Ballwin, Missouri (the "Henry Property"). Defendants initially argued that the gain was not taxable because the conveyance of the property was an involuntary conversion pursuant to 26 U.S.C. § 1033. After the United States amended its complaint, Defendants answered and the parties made their initial disclosures. On May 9, 2013, the Court entered its Case Management Order ("CMO") setting forth the

schedule for the completion of discovery and the filing of various motions in the case. (Doc. No. 24.) In accordance with the CMO and the Federal Rules of Civil Procedure, the United States propounded discovery requests and deposed witnesses.

At the outset of the suit, Defendants were each represented by counsel, but on September 6, 2013, the Court granted the motion of Ms. Peters's counsel to withdraw. Ms. Peters did not obtain substitute counsel, but at Ms. Peters's request, the Court appointed counsel for the limited purpose of assisting her in the alternative dispute resolution ("ADR") process. The parties participated in ADR but did not achieve a settlement. Mr. Peters continued to be represented by counsel until May 12, 2014, when the Court granted the motion of Mr. Peters's counsel to withdraw.

In his answer, Mr. Peters, while represented by counsel, admitted most of the allegations of the amended complaint and did not assert any affirmative defenses. (Doc. No. 7.) In her answer, Ms. Peters, also represented by counsel, asserted the affirmative defense that she was "not liable for the total amount of $310,424.25 alleged in the complaint as it was assessed to her in error." (Doc. No. 9 at 3.)

On September 30, 2013, Ms. Peters responded to the United States' first requests for admission. In response to inquiries regarding the validity of the government's tax assessment and Ms. Peters's outstanding tax liability, Ms. Peters simply wrote "non-applicable," and reserved the right to supplement her responses. (Doc. No. 61-5 at 2.) Ms. Peters did not, however, supplement her responses. Neither did she respond to the United States' second request for admission, including requests to admit that the sale of the Henry Property was not due to the threat of condemnation, and to admit that Ms.

Peters did not use the proceeds from the sale of the Henry Property to invest in replacement property, as required by 26 U.S.C. § 1033. (Doc. No. 61-7 at 5.) Mr. Peters, while represented by counsel, did respond to the United States' second request for admission, and in that response served on January 30, 2014, Mr. Peters admitted that the sale of the Henry Property was not due to threat of condemnation. (Doc. No. 61-6 at 5.)

Following the November 4, 2013 deadline for the completion of discovery in this matter, the Court granted a consent motion to extend the deadline for the filing of dispositive motions through January 31, 2014 and the trial date was continued to June 9, 2014. The United States filed its motion for summary judgment on January 31, 2014, Defendants filed timely responses, and the United States filed its reply on February 19, 2014. Ms. Peters thereafter filed an additional response to the motion on February 28, 2014. (Doc. No. 68.) The United States did not move to strike Ms. Peters's untimely additional response, and the Court considered that response as part of the record. (*See* Doc. No. 90 at 6.)

Then on March 5 and March 11, 2014, well after the close of briefing on the summary judgment motion, after the close of discovery, and on the eve of trial, Ms. Peters filed the following additional documents in opposition to the summary judgment motion: two affidavits; a copy of an unsigned letter on the letterhead of David Disbrow, Enrolled Agent, dated March 7, 2014, stating various reasons Disbrow "believ[ed] there [we]re several errors in the IRS determination of tax due"; and an unfiled, unsigned 2002 federal income tax return purportedly prepared by Disbrow, and bearing the handwritten notation: "FOR DISCUSSION PURPOSES ONLY." (Docs. No. 70, 73, 73-1 & 73-2.)

Ms. Peters's first affidavit appeared to deal with mediation and settlement discussions which were not pertinent to the motion for summary judgment. (Doc. No. 70.) Her second affidavit asserted that the tax form and letter demonstrated that Defendants' tax liability for the 2002 tax year had been calculated incorrectly. (Doc. No. 73.) Prior to these filings, Defendants had revealed neither the existence nor contents of these documents, nor had they identified Disbrow as a possible fact or expert witness. (*See* Doc. No. 90 at 7.) The United States moved to strike the affidavits, tax form, and letter. (Docs. No. 71 & 74.)

The Court granted the United States' motion for three reasons. First, the Court held that the filings were untimely and that Defendants demonstrated neither diligence nor good cause for a departure from the deadlines set forth in the CMO, as amended. Defendants failed to offer any reason why they could not have presented this information, which related to 2002 tax liabilities, prior to the close of discovery and the conclusion of briefing on the summary judgment motion. (Doc. No. 88 at 7-8.) Second, the Court held that the evidence would be inadmissible because the unsigned letter and tax return constituted inadmissible hearsay without exception, and also inadmissible opinion testimony from an individual who was neither identified nor qualified as a lay or expert witness. The affidavits were likewise inadmissible in that they consisted solely of self-serving statements unsupported by admissible evidence. (*Id.* at 8-10.) Finally, the Court held that the evidence contradicted deemed admissions resulting from Ms. Peters's failure to respond to the United States' requests for admissions, and should also be excluded as a sanction under Federal Rule of Civil Procedure 37(c) due to Defendants' failure to

disclose the evidence during discovery.  (*Id.* at 11-12.)

On June 11, 2014, the Court granted the United States' motion for summary judgment.  (Doc. No. 90.)  The Court noted that IRS tax assessments are presumed correct, and the taxpayer bears the burden of proving, by a preponderance of the evidence, that the assessment is erroneous or that the computation of tax liability is incorrect.  (*Id.* at 13.)  Defendants failed to satisfy that burden because the only evidence ever offered in support of their assertion of error was the inadmissible unsigned letter and tax return that were stricken from the record.  (*Id.* at 18-19).  Defendants also failed to demonstrate that the sale of the Henry Property was an involuntary conversion.  The undisputed evidence demonstrated that Defendants chose to enter a contract to sell the Henry Property, later refused to close the sale, were sued, were ordered by a state court to perform their contractual duty, sold the property, and thereafter did not use the proceeds of the sale to reinvest in replacement property, instead indirectly distributing the funds to a business owned by Ms. Peters.  (*Id.* at 19-20.)  The Court held as a matter of law that a court-ordered specific performance of a voluntary contract to sell property does not constitute an involuntary conversion under 26 U.S.C. §1033, particularly where, as here, Defendants also failed to satisfy §1033's requirement to reinvest the proceeds in replacement property within two years.  (*Id.* at 20.)  For all of these reasons, the Court found that there was no genuine issue of material fact regarding the validity of the tax assessments.  The Court also found that there was no genuine issue of material fact with regard to the imposition of penalties and interest in this case, and that the United States demonstrated the validity and priority of its tax liens, which were enforceable against

certain property occupied by Defendants. (*Id.* at 22-23.)

The Court entered final judgment in favor of the United States and against Defendants for unpaid federal income tax liabilities in the amount of $323,723.70, plus statutory additions. (Docs. No. 91.) The United States filed its proposed Order of Sale on June 19, 2014. (Doc. No. 94.) The proposed order required, among other things, that Defendants' residence be sold under 26 U.S.C. § 7403(c) and 28 U.S.C. §§ 2001 and 2002 in order to collect the unpaid federal tax liabilities, and that Defendants vacate the residence within 30 days. (*Id.*) The Court did not enter the proposed order immediately, in order to give Defendants an opportunity to object to the terms of the proposed order.

No objection was filed, and the Court entered the Order of Sale on July 24, 2014. (Doc. No. 98.) Both Defendants filed notices of appeal. On August 21, 2014, a few days before Defendants were supposed to vacate the residence, Ms. Peters obtained counsel and filed an "emergency" motion to stay enforcement of the Order of Sale until her appeal was resolved. (Doc. No. 106.) On October 6, 2014, the Court denied Ms. Peters's motion for a stay, but the Court held that a stay would be automatic if Ms. Peters posted a supersedeas bond of $50,000 by October 20, 2014. (Doc. No. 119.) Ms. Peters did not post a supersedeas bond and instead obtained different counsel and, while her appeal was pending, filed the instant motion for relief from judgment. (Doc. No. 122.)

## **DISCUSSION**

"As a general rule, a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously," and "[t]he filing of a notice of appeal . . . divests the district court of its control over those aspects of the case involved

- 6 -

in the appeal." *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004) (citation omitted). "Our case law, however, permits the district court to consider a Rule 60(b) motion on the merits and deny it even if an appeal is already pending in this court, and a separate appeal may thereafter be taken to challenge the denial." *Id.* "If, on the other hand, the district court decides that the motion should be granted, counsel for the movant should request the court of appeals to remand the case so that a proper order can be entered." *Pioneer Ins. Co. v. Gelt*, 558 F.2d 1303, 1312 (8th Cir. 1977). Applying these principles, the Court finds it has jurisdiction to consider the merits of the Rule 60(b) motion, notwithstanding Ms. Peters's pending appeal.

Ms. Peters asserts that relief from judgment is warranted under Federal Rule of Civil Procedure 60(b)(1), which authorizes relief for "mistake, inadvertence, surprise, or excusable neglect," or under Rule 60(b)(6), a catchall provision authorizing relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) & 60(b)(6).

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Schedin v. Ortho-McNeil-Janssen Pharms., Inc.*, 739 F.3d 401, 404 (8th Cir. 2014). To determine whether relief should be granted under Rule 60(b)(1), the Court must determine whether Ms. Peters's neglect was excusable. In assessing whether conduct is excusable, courts consider the following factors: "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant." *Freeman v. Wyeth*, 764 F.3d 806, 809 (8th Cir. 2014) (citation

omitted).  "The reason for the delay is a key factor in the analysis, but the excusable neglect inquiry is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."

After examining the Rule 60(b) factors, the Court concludes that relief is not warranted under Rule 60(b)(1).  Granting relief would prejudice the United States and significantly delay the judicial proceedings, as the United States would be forced to relitigate this case and respond to evidence Ms. Peters should and could have introduced during discovery.

The Court also finds Ms. Peters's assertions of good faith and purported reasons for the delay to be unpersuasive.   Ms. Peters asserts several reasons for her failure to respond effectively to the United States' motion for summary judgment.  Specifically, she asserts that she was proceeding as a pro se litigant; she "did her best to comply with the Court's rules" and introduce evidence into the record, "albeit not correctly" (Doc. No. 123 at 7-8); and she suffered from a litany of what her counsel describes as emotional and mental health impairments.  (*Id.* at 4.)

At the outset, the Court notes that Ms. Peters's "pro se status did not entitle [her] to disregard the Federal Rules of Civil Procedure" or the orders of this Court.  *See Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808-809 (8th Cir. 2002) (affirming district court's finding that pro se litigant's failure to understand procedures for timely responding to summary judgment motion did not constitute excusable neglect under Rule 60(b)(1)).  And regardless of counsel's belief regarding Ms. Peters's mental or emotional health, Ms. Peters has actively participated in this litigation, both when proceeding pro se

and when she chose to obtain counsel. There has never been, nor is there now, any assertion that Ms. Peters lacked capacity to litigate.

Indeed, Ms. Peters ultimately did submit several documents in support of her defense that the tax assessment was in error. But these documents were submitted untimely, with no explanation or good cause for the delay. Ms. Peters is not entitled to Rule 60(b)(1) relief simply because she misunderstood the legal consequences of her deliberate choice to withhold evidence until after summary judgment briefing was complete, and on the eve of trial. *See Cashner v. Freedom Stores*, 98 F.3d 572, 577 (10th Cir. 1996) ("Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts.")

And the documents Ms. Peters attempted to introduce were inadmissible in any event, both because they contradicted Defendants' prior admissions and because they constituted inadmissible hearsay and opinion testimony from an undisclosed, non-qualified expert. Even in the instant motion, prepared with the assistance of counsel, Ms. Peters does not contest that the only evidence she has ever put forth to avoid summary judgment was inadmissible evidence. Nor does Ms. Peters suggest that, given the opportunity to relitigate, she would be able to offer any other admissible evidence to defeat summary judgment. *See Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001) ("Like any other civil litigant, [pro se litigants are] required to respond to defendants' motions with specific factual support for [their] claims to avoid summary judgment."). In short, the Court finds that Ms. Peters has not demonstrated such "exceptional circumstances" to warrant relief under Rule 60(b)(1).

Ms. Peters's attempt to rely upon Fed. R. Civ. P. 60(b)(6) for relief from this Court's judgment also fails. Relief under Rule 60(b)(6) is "exceedingly rare as relief requires intrusion into the sanctity of a final judgment." *Gaydos v. Guidant Corp.*, 496 F.3d 863, 868 (8th Cir. 2007). Moreover, Rules 60(b)(1) and (b)(6) are mutually exclusive, *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393 (1993), such that a court may not grant relief under 60(b)(6) for any reason which could have been considered under 60(b)(1). The reasons proposed by Ms. Peters for relief under subjection 60(b)(6) are exactly the same as those reasons held to be insufficient to warrant relief in her request under subsection 60(b)(1). Therefore, the Court shall deny Ms. Peters's request for relief pursuant to Rule 60(b)(6).

## **CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant Darlene Peters's motion for relief from judgment is **DENIED**. (Doc. No. 122.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of November, 2014.